UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMIN GHAYOORI,

            Plaintiff,

v.

SULTANATE OF OMAN,

            Defendant.

Case No. 24-cv-3639 (JMC)

## MEMORANDUM OPINION

Ramin Ghayoori sued the Sultanate of Oman, alleging the country violated the Foreign Sovereign Immunities Act, international law, the Convention Against Torture, and the Vienna Convention when it detained him for a little less than two weeks in an Omani detention facility. *See* ECF 1 ¶¶ 10–31. Because Oman failed to respond or appear, the Clerk entered a default. *See* ECF 6. Now, Ghayoori has moved for entry of default judgment and asked the Court to award him $65 million in damages. *See* ECF 7 at 3–4. Because the Court does not have subject matter jurisdiction over Ghayoori's claims, the motion is **DENIED** and the case is **DISMISSED**.[1]

The Foreign Sovereign Immunities Act "affords the sole basis for obtaining jurisdiction over a foreign state in United States courts." *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 13 (D.C. Cir. 2015). The Act "establishes a general rule granting foreign sovereigns immunity from the jurisdiction of United States courts," but it also provides "a number of exceptions." *Id.* at 13–14. Ghayoori invokes two of those exceptions to establish jurisdiction here. First, he claims

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

that the Court has jurisdiction under the terrorism exception found in 28 U.S.C. § 1605A. *See* ECF 1 ¶ 2. That exception only applies, however, if the foreign country being sued "was designated as a state sponsor of terrorism at the time" of the alleged unlawful act. § 1605A(a)(2)(A)(i)(I); *see Mohammadi*, 782 F.3d at 14 (describing this as one of the terrorism exception's "require[ments]"). Oman was not designated as a state sponsor of terrorism in 2024 at the time Ghayoori was detained, nor is it so designated today. *See* U.S. Dep't of State, *State Sponsors of Terrorism*, https://perma.cc/32FF-5TDR.

Alternatively, Ghayoori invokes the exception that applies to a suit seeking damages "for personal injury . . . occurring in the United States" that was "caused by the tortious act" of a foreign state. 28 U.S.C. § 1605(a)(5); *see* ECF 1 ¶ 3 (citing this provision). But as the plain text of that provision indicates, this exception only applies where the "personal injury . . . occur[s] in the United States." § 1605(a)(5); *see Persinger v. Islamic Republic of Iran*, 729 F.2d 835, 838 (D.C. Cir. 1984) ("[I]f a foreign state's acts or omissions cause tortious injury within the United States, . . . the foreign state's immunity is abrogated."). Here, "both the [alleged] tort and the injury" occurred in Oman. *Persinger*, 729 F.2d at 842. This provision is therefore inapplicable.

Because Ghayoori has not demonstrated that the Court has jurisdiction over his claims, the motion for default judgment is **DENIED**. And because the Court has "determine[d] . . . that it lacks subject-matter jurisdiction," Fed. R. Civ. P. 12(h)(3), the action is **DISMISSED**.

**SO ORDERED.**

                                                                                           JIA M. COBB
                                                                                           United States District Judge

Date: January 7, 2026