UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAMIN GHAYOORI,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SULTANATE OF OMAN,<br><br>　　　　　　Defendant. | Case No. 24-cv-3639 (JMC) |

## ORDER

Ramin Ghayoori filed a motion for reconsideration, ECF 12, asking the Court to revisit its prior order dismissing this case for lack of jurisdiction, ECF 11, and, alternatively, a motion for leave to file an amended complaint, ECF 13. Both motions are **DENIED**.

As for reconsideration, Ghayoori identifies three putative errors in the Court's prior ruling. First, Ghayoori faults the Court for failing to consider whether it has jurisdiction under the Vienna Convention, Convention Against Torture, or waiver provision of the Foreign Sovereign Immunities Act. *See* ECF 12 at 2. But as the Court previously explained, the Foreign Sovereign Immunities Act "is the sole basis for obtaining jurisdiction over a foreign state in our courts." *Doe v. Fed. Democratic Republic of Ethiopia*, 851 F.3d 7, 9 (D.C. Cir. 2017). The Court's analysis therefore properly started and ended with whether one of the Act's "exception[s] applie[d]." *Id.* As for the Court's supposed failure to engage with the Act's waiver provision, Ghayoori never invoked that provision as a basis for jurisdiction. *See* ECF 1 ¶¶ 1–6 (claiming jurisdiction under other exceptions but not 28 U.S.C. § 1605(a)(1)); ECF 7 at 1–2 (same). "Arguments for jurisdiction are not exempt from principles of party presentation and forfeiture," so the Court was under no obligation to address a possible basis for jurisdiction that Ghayoori did not raise.

1

*Monsalvo v. Bondi*, 604 U.S. 712, 743 (2025) (Thomas, J., dissenting); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 434 n.6 (2021). In any event, as the Court explains below in addressing the motion for leave to amend, the waiver provision does not apply here.

Neither of Ghayoori's second or third arguments for reconsideration justify granting that relief, either. Contrary to Ghayoori's claim that the "tortious act" need not "occur here," ECF 12 at 2, the D.C. Circuit has squarely held that the "noncommercial-tort exception" only applies if the "entire tort—including not only the injury but also the act precipitating that injury—[] occur[red] in the United States." *Doe*, 851 F.3d at 10. Nor was the Court required to hold an evidentiary hearing. *Contra* ECF 12 at 3. The statutory provision Ghayoori cites only applies if the Court enters a "judgment by default," 28 U.S.C. § 1608(e), which is precisely what the Court refused to do in denying Ghayoori's motion for default judgment. Regardless, that statute merely requires the Court to assure itself that the "claimant" has presented "evidence satisfactory to the court." *Id.* It does not require a court to hold an evidentiary hearing prior to making that determination. *See Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005).

As for Ghayoori's motion for leave to amend, the Court denies that request "as futile" because "the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012). Ghayoori's "proposed amended complaint, like the original complaint," still does not bring his claims within the Foreign Sovereign Immunity Act's exceptions. *Jam v. Int'l Fin. Corp.*, 481 F. Supp. 3d 1, 5–6 (D.D.C. 2020) (denying leave to amend where Court would lack jurisdiction over amended complaint under FSIA).

Like the original complaint, the claims in the amended complaint fall outside of the "noncommercial-tort exception" because the "act[s] precipitating" Ghayoori's injuries—even if those injuries were suffered in California—occurred abroad. *Doe*, 851 F.3d at 10; *see* ECF 13-

2

1 ¶¶ 27–29. Ghayoori's attempt to add allegations that satisfy the implied waiver provision in 28 U.S.C. § 1605(a)(1) is equally unavailing. *See* ECF 13-1 ¶ 14. The D.C. Circuit "has identified only three circumstances in which a sovereign will be treated as having impliedly waived its immunity." *TIG Ins. v. Republic of Argentina*, 110 F.4th 221, 236 (D.C. Cir. 2024). Ghayoori does not allege that Oman "execut[ed] a contract containing a choice-of-law clause designating the laws of the United States as applicable," "fil[ed] a responsive pleading without asserting sovereign immunity," or "agree[d] to submit a dispute to arbitration in the United States." *Id.*; *see* ECF 13-1 ¶ 14 (listing conduct that Ghayoori claims constitutes waiver). Courts "have been reluctant to recognize an implicit waiver of sovereign immunity in [any] other circumstances" than those three, *TIG Ins.*, 110 F.4th at 236, and this Court will not do so here based on the allegations in the amended complaint. Finally, Ghayoori's invocation of federal question jurisdiction, *see* ECF 13 at 7; ECF 13-1 ¶ 16, cannot overcome the reality that, absent an applicable exception under the Foreign Sovereign Immunities Act, this Court cannot take jurisdiction over Ghayoori's claims, *see Doe*, 851 F.3d at 9. Because Ghayoori's amended complaint would still be dismissed for lack of jurisdiction, his proposed amendment is futile and the Court denies his motion for leave to amend.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: January 23, 2026

3